REQUESTED BY: Senator Donald G. Preister
You have requested an Attorney General's Opinion as to whether the State of Nebraska could enact a law imposing fines on businesses or employers who hire illegal aliens/undocumented workers. You note in your request that the federal government regulates immigration, and you ask whether a state statute imposing such fines on employers would be constitutional.
The U.S. Supreme Court has "long recognized the preeminent role of the Federal Government with respect to the regulation of aliens within our borders." Toll v. Moreno, 458 U.S. 1,102 S.Ct. 2977, 2982 (1982). However, federal preemption of state laws regarding illegal aliens is not automatic. In DeCanas v.Bica, 424 U.S. 351, 96 S.Ct. 933 (1976), the Supreme Court addressed the issue of whether a California statute prohibiting employers from knowingly employing illegal aliens was unconstitutional under the Supremacy Clause of the U.S. Constitution. Id. at 935. The California statute imposed fines on employers of $200-$500 for each offense. Id. at 935 n. 1.
The Supreme Court held that federal law, including the Immigration and Nationality Act, 66 Stat. 163, as amended,8 U.S.C. § 1101 et. seq., did not preempt the California statute. Id. at 937. The Court stated that "States possess broad authority under their police powers to regulate the employment relationship to protect workers within the State."Id. at 937. However, federal law, as it then existed, did not contain penalties for hiring illegal aliens. The Court noted that "H.R. 8713, now pending in Congress, would amend 8 U.S.C. § 1324
to provide a penalty for knowingly employing an alien not lawfully admitted to the United States." Id. at 936 n. 4.
Today, 8 U.S.C. § 1324a makes it unlawful to hire an unauthorized alien, and provides for civil penalties for each violation. Most importantly, for purposes of the question presented, § 1324a(h)(2) now expressly provides that "The provisions of this section preempt any State or local lawimposing civil or criminal sanctions (other than throughlicensing and similar laws) upon those who employ, or recruit orrefer for a fee for employment, unauthorized aliens." (emphasis added).
Consequently, the answer to your question is that any state statute imposing fines on employers for hiring illegal aliens would violate 8 U.S.C. § 1324a(h)(2) and the Supremacy Clause of the United States Constitution.
Sincerely yours,
 DON STENBERG Attorney General
 Steve Grasz Deputy Attorney General
APPROVED:
Don Stenberg
Attorney General